Sedgwick, Ch. J.
The defendant had sold to the plaintiff a promissory note signed Franklin Farrell & Co., payable to the order of W. M. Babbott, and indorsed by the payee. The plaintiff paid to the defendant $2,756.45.
The plaintiff’s cause of action was based by the argument of the appellant’s learned counsel, upon the proposition, claimed to be sound, that the defendant in transferring the note, ivithout his indorsement, warranted by legal implication, that the note was genuine.
It was claimed upon the trial that the note was not genuine because, as claimed, there was no firm of Franklin Farrell & Co.
I am of opinion that if the facts existed as claimed by the appellant, the defendant was not liable. There was no legal implication that he warranted the genuineness of the note as to its making. -
In general the transferrer of a note by delivery is liable, as upon a warranty of genuineness, although he do not indorse it, if the note be forged. According to some approved text writers it is not certain that this liability exists when the transferrer, having title to the paper, sells it to a plaintiff, as distinguished from transferring it as security for antecedent indebtedness. 1 *238 Chitty on Bills 245, 246 ; Parsons on Notes and Bills, 37, 38, 590; Story on Promissory Notes, § 118.
The cases that have been cited for appellant to maintain a liability, are instances of instruments in the hands of the transferrer, payable to bearer, without any indorsements, and the maker’s name is forged, or of forged indorsement. In the former case the transferrer delivers a nullity to which there can be no title. In the latter case the transferrer has no title.
The present case is of a forged making, at least for appellant, with a genuine indorsement. No case that has been cited ■ presents such a combination of facts. By this indorsement the defendant made a valid title, arid so far as that is concerned, there was no breach of the implied warranty.
The presumption of the law as to the inception and transfer of commercial paper payable to another person, is that after being made it is delivered to the payee; , that after indorsement it is delivered mediately or immediately, through delivery or further indorsement, to the transferrer who does not indorse. It is not presumed that the transferrer has been in communication with the maker, or knows anything of the circumstances of the making. He is not presumed to suspect a forgery, and therefore he is not presumed to have inquired. A forgery is an unusual occurrence. Why has the law made an indorsement to mean in part a contract that the maker’s name is not forged ? It is that there shall be no necessity for the buyer to make inquiries for himself as to whether the m'aking is forged.
When the plaintiff bought from the defendant, it could not believe that the latter knew the signature of the makers, or had made inquiries. They had reason to think, as indeed the fact was, that the defendant relied on the indorsement of Babbott, and presented the paper with the indorsement as a contract as to genuineness. I am, therefore, of opinion that the defend *239 ant’s implied warranty applied only to title and the genuineness of the indorsement.
Beyond this, I am not of opinion that a warranty of genuineness is not satisfied by the making being of the kind that appears here. The signature of Franklin Farrell & Company was actually signed by Babbott. He claimed rightly and honestly, or the reverse, to be a partner of Franklin Farrell & Company. The defendant, if he is to be held to the effect of the act of' making, as it was, although he was not connected with it, is entitled to what there is of aid in the facts, as well as of burden. In the ordinary course of affairs a firm signature is made actually by an individual who claims to be a partner, and, as such, an agent to bind whoever is his partner. Every firm signature has such a purport. It had in this case, as much as if it had been Franklin Farrell & Co., per William Babbott. In such form the signature would be genuine and would bind Babbott at least. From the signature that was made, the plaintiff knew that an individual had ' signed, making the claim of authority as to others.
In my opinion, there was no warranty by the defendant that the person signing had the authority to sign the name he did, because such a warranty could be only on the supposition that the defendant should have examined the facts and ascertained the law. A satisfactory and decisive examination of such a matter would be impossible in business. Only impressions and guesses could be made. In this respect, the principle of Littauer v. Goldman, 72 N. Y. 509, is to be applied.
The practical grievance complained of by the plaintiff is that Franklin Farrell, a responsible man, was not bound by the 'note as made. If the defendant had made a representation that Franklin Farrell was a member of such a firm, a question might have arisen that does not arise in this case.
The plaintiff through its cashier, wrote to the defendant, “ You have note of Franklin Farrell, I understand,” *240 etc. The defendant answered, “I still have note of Franklin Farrell & Co.” The plaintiff replied, “ You may send in the note Farrell & Co.” The names were used in these letters as matters of description. Lambert v. Heath, 15 M. & W. 485, commented upon in Littauer v. Goldman, 72 N. Y. 516.
As the case did not disclose any breach of warranty, the appellant is not aggrieved and the judgment and order should be affirmed with costs.
Ingraham, J.
The liability of the vendor of a promissory note, without indorsement, to refund the consideration to the vendee where it subsequently appears that the note was void, has been much discussed by text writers and in reported cases, and some confusion has arisen as to the ground of the liability and the extent of the implied warranty by the vendor.
It has long been settled that where a note, is transferred without indorsement, or by indorsement without recourse, if it should subsequently appear that the note was a forgery, the vendor is liable to refund the money received by him with interest; but this liability is not because of any implied warranty, but because the vendee is entitled .to have an article answering the description of that which he bought. What he buys is a note, and if it should turn out that the thing delivered under such a contract, was a mere piece of waste paper, the vendor has not performed the contract and there is no consideration for the payment of the money, and he should not be permitted to retain it.
Mr. Benjamin in his work on Sales, § 600, quotes, with approval, the remarks of Lord Abinger, in Chanter v. Hopkins, 4 M. & W. 399 : “ But in many of the cases the circumstances of a party selling a particular thing by its proper description, has been called a. warranty, and a breach of such a contract, a breach of warranty; but it would be better to distinguish such cases as a non-compliance ydth a contract which a party *241 has engaged to fulfill; as if a man offer to buy peas of ¿mother and he sends him beans, he does not perform his contract; but that is not a warranty, there is no warranty that he should sell him peas; the contract is to sell peas and if he sells anything else in their stead, it is a non-performance of it.” Mr. Benjamin says: “ There can be no doubt of the correctness of the distinction here pointed out. If the sale is of a described article, the tender of an article answering the description is a condition precedent to the purchaser’s liability, and if this condition is not • performed, the purchaser is entitled to reject the article, or if he has paid for it, to recover the price as money had and received for his use.” At § 607, the author- says: “Under this head may also properly be included the class of cases in which it has been held that the vendor who sells bills of exchange, notes, shares, certificates and other securities, is bound not by collateral contract of warranty, but by the principal contract itself, to deliver as a condition precedent, that which is genuine, not that which is false, counterfeit or not marketable by the name or denomination used in describing it.”
The liability, therefore, of the vendor to refund the amount paid, depends not upon an implied warranty, but upon a failure on his part to carry out his contract of sale. And this is the view taken by the Court of Appeals in this state in Littauer v. Goldman, 72 N. Y. 514, where it is said: “ The case of a forged indorsement, as we have seen, rests upon a different principle, viz., that there is no note.”
There is also in the case of the sale of a promissory note or negotiable instrument, as in the case of all other personal property, an implied warranty that the vendor has a good title to transfer to. the vendee, and if his title fails, as if an indorsement of the payee was forged, the vendor is liable to refund the money paid by the vendee; but this can be sustained upon the same principle, because by the transfer the vendor, having nothing to *242 transfer, transfers nothing to the vendee, and in this state, since the decision of Littauer v. Goldman, supra, the liability of the vendor of a bill of . exchange is limited to these two cases; for after an examination of the principles applicable to the contract entered into upon the sale of negotiable paper, and the authorities bearing upon the subject, the court says: “The examination we have made of the question shows that the law in regard to the transfer of negotiable bills of exchange and promissory notes, as laid down for a century or more, only accepts two cases as coming within the doctrine of implied warranty, viz., a warranty of title and that the instrument is genuine and not forged.” And in Otis v. Cullum, 2 Otto 448, the Supreme Court of the United States held that on the sale of negotiable paper the seller is liable, ex delicto, for bad faith, and, ex contractu there is an implied warranty on his part that it belongs to him and that it is not a forgery; that where there is no express stipulation there is no liability beyond this; and that a vendor of bonds of a city was not liable, when it appeared that the bonds were void' as not issued as required by law.
To entitle plaintiff to recover in this action therefore, he was required to show that the defendant had failed to carry out his contract, viz., to sell him a note of the firm of Franklin Farrell & Co., either by showing that the note delivered under the contract was forged, or that the vendor had no title to the note delivered.
It appeared in evidence that the negotiations between the parties commenced by a letter written by the plaintiff to the defendant as follows : “ Dear Sir:—You have á note Franklin Farrell, I understand, endorsed, at seven per cent. Please inform me who is the endorser.” In reply to that letter, on the day following, defendant wrote: “I still have note of Franklin Farrell & Co., Ansonia, Conn., endorsed by William M. Babbott, due March 18th, seven per cent.” In reply to this on December 24, the plaintiff wrote to the defendant: “ You may *243 send in the note of Farrell & Co. $2,800,” and in answer to that letter, the note in question was sent to the plaintiff, and the defendant received therefor the face of the note less the interest.
It will be noticed that in this correspondence, the defendant nowhere states that he has a note of Franklin Farrell, or upon which Franklin Farrell is liable, but has the note of the firm of Franklin Farrell & Co. It is nowhere represented that Franklin Farrell is a member of that firm, nor does it follow as a necessary implication that because the firm name was Franklin Farrell & Co., that Franklin Farrell individually was a member of that firm. The use of the name of an individual to designate a firm name, when the individual whose name is used is not a member of the firm, is under certain circumstances, expressly authorized by law in this state, (Chap. 400, Laws 1854; Chap. 144, Laws 1863; Chap. 256, Laws 1868), and a note given by a firm continued under the provisions of these acts could not be held to be a representation that a person whose name appeared in the firm name was a member of the firm. It is therefore clear that it cannot be said that on the sale of a note there is any implied warranty that the person whose name appears in the firm name is a member of the firm or liable upon this note.
So far as appears the only firm of that name was the firm under which Babbott attempted to do business, and assuming that there was no copartnership agreement between Farrell and Babbott, that firm then consisted of Babbott alone. The bill was a valid bill of that firm. Plaintiff assumed that Farrell was a member of the firm ■ because his name appeared, and bought the note on the faith of that assumption; but defendant nowhere represented that Farrell was a member of the firm, and as plaintiff relied on its own assumption of the fact, if it turns out to be an error, there is no reason why the defendant should be responsible for such error. The plaintiff by inquiring of Farrell could have ascertained *244 the fact, or he could have insisted upon a guarantee from the defendant, and refused to buy unless it was given.
The evidence in this case showed that there was a contract between Babbott and Farrell to engage in the manufacture of certain machines, and that Babbott had been advised by counsel that that agreement constituted a partnership between himself and Farrell, and that relying upon that advice he signed the note in suit.
Whether or not Farrell was a member of the firm and was liable depended upon the fact whether or not the contract between the parties constituted him a member of the firm of Franklin Farrell & Company. The note was a valid note of the person doing business under that name, and Babbott by adopting that name as the name under which he was doing business, the note was valid as to him.
The note itself therefore was not a void note; nor was the signature of the firm of Franklin Farrell & Company forged.
In the case of Commonwealth v. Baldwin, 11 Gray. 197, it has been expressly held that where a person has made and delivered a note signed Schouler, Baldwin & Co., and stating at the same time that he and one Schouler composed the firm, and there was no such partnership, that such an act did not constitute the crime of forgery at common law.
By the transfer of the note indorsed by the payee in blank, the defendant became the lawful holder and had a good title and a right to transfer it, and there is no evidence in this case to show that the defendant had knowledge of any fact which proved the paper worthless. The scienter necessary to establish a liability ex delicto, was not proved. (Littauer v. Goldman, supra), and under the authority of that case the rule caveat emptor applies. Peoples Bank v. Bogart, 81 N. Y. 106. The case comes within the illustration put by Lord Campbell in Gompertz v. Barlow, 3 E. & B. 854: “If *245 it had been a foreign bill and there had been a secret defect, the risk would have been that of the purchasers.”
I am therefore of the opinion that plaintiff failed to establish any liability on the part of the defendant, and that the complaint should have been dismissed.
The judgment being in favor of the defendant should therefore be affirmed with costs, and I therefore concur with the Chief Judge in his conclusion.